**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ERNEST McWILLIAMS,**

                         **Plaintiff,**

  vs.                                                **9:12-cv-0747**
                                                        **(MAD/CFH)**

**RYAN SIMMONS, Corrections Officer, Upstate Correctional Facility; NATHAN LIPKA, Corrections Officer, Upstate Correctional Facility, R. BILOW, Corrections Officer, Upstate Correctional Facility; BRADLEY CARR, Corrections Officer, Upstate Correctional Facility; K. ELSWORTH, Corrections Officer, Upstate Correctional Facility; PATRICIA WILLIAMS, Corrections Officer, Upstate Correctional Facility; ERIC MARSHALL, Corrections Officer, Upstate Correctional Facility; DAVID ROCK, Superintendent, Upstate Correctional Facility; BRIAN FISCHER, Commissioner of DOCCS; R.N.D. MAAS; R.N.M. TRAVERS; R.N. LELAND MARLOW; D. UHLER, Deputy Superintendent of Security,**

                         **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**ERNEST McWILLIAMS**
04-B-2545
Upstate Correctional Facility
Post Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **KEVIN M. HAYDEN, AAG**
**STATE ATTORNEY GENERAL**
The Capital
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

    *Pro se* plaintiff, Ernest McWilliams, (" McWilliams"), an inmate currently in the custody

of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging the following: (1) Defendants Lipka and Marshall violated Plaintiff's First and Fourteenth Amendment rights and committed "the tort of intentional infliction of emotional distress" when they authored false reports and testified falsely against Plaintiff for his filing of grievances against them; (2) Defendants Carr, Lipka, Marshall, and Simmons violated Plaintiff's Eighth Amendment rights when they used excessive force against him; (3) Defendants Bilow and Williams violated Plaintiff's Eighth Amendment rights when they failed to intervene on his behalf; (4) Defendant Fischer violated Plaintiff's Eighth Amendment rights by exhibiting deliberate indifference in failing to act despite numerous complaints reported by Plaintiff and his family members; (5) Defendant Rock violated Plaintiff's Eighth Amendment rights by exhibiting deliberate indifference in not properly investigating his complaints; (6) Defendants Maas, Marlow, and Travers violated Plaintiff's Eighth Amendment rights by exhibiting deliberate indifference to Plaintiff's medical needs; and (7) Defendant Uhler violated Plaintiff's Fourteenth Amendment due process rights in conducting a disciplinary hearing. *See* Dkt. No. 57 at 35-47. Plaintiff's claims arose from events between November 8, 2011, and April 22, 2012, while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") as an inmate in the Upstate Correctional Facility ("Upstate C.F.").

In a May 14, 2014 Report-Recommendation and Order, Magistrate Judge Hummel recommend that Defendants' motion for summary judgment be granted. *See* Dkt. No. 102. Specifically, Magistrate Judge Hummel found that Plaintiff failed to exhaust his administrative remedies and that he provided no adequate justification for his failure to do so. *See id.* Neither party objected to the Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the

district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the

3

court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (qquoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely

unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

The Prison Litigation Reform Act ("PLRA") states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all suits brought by inmates regarding aspects of prison life. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

New York State has a three-step administrative review process. First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC") which reviews and investigates the formal complaint before issuing a written determination. *See* N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). Second, if the IGRC decision is appealed, the superintendent of the facility issues a decision after reviewing the IGRC's determination. *See id.* at § 701.5(c). Third, if the superintendent's decision is appealed, the final administrative decision is made by the Central Office Review Committee ("CORC"). *See id.* at § 701.5(d). If all three of these levels of review are exhausted, then the prisoner may seek relief in federal court pursuant to § 1983. *See Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *Singh v. Goord*, 520 F. Supp. 2d 487, 495-96 (S.D.N.Y. 2007) (quoting *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

In the current case, Defendants claim that Plaintiff failed to satisfy the exhaustion requirements for all claims contained in his amended complaint. DOCCS records do not show any grievances which were filed and appealed regarding the use of force incident on February 18, 2013, the tampering of medical records surrounding the February 18, 2012 incident, denied

5

medical care surrounding the February 18 or April 22, 2012 incidents, the claims of retaliation against Defendants Lipka or Marshall, the claims of deliberate indifference against Defendants Bilow or Williams, the issuance of false misbehavior reports as retaliation by Defendants Bilow, Carr, Ellsworth, Lipka, Marshall, Simmons, or Williams, the deliberate indifference claims against Defendants Fischer and Rock, or the due process claims against Defendant Uhler. *See* Dkt. No. 99-25. The record contains a CORC appeal surrounding the denial of medical care on November 8, 2011; however, that appeal concerns a "Nurse M," not Nurse Travers. Dkt. No. 51 at 13 (CORC appeal); Dkt. No. 99-25 at 1 (CORC computer print out). During Plaintiff's deposition on November 6, 2013, he testified that he filed a grievance in connection to the April 22, 2012 use of force incident within the prior two months. Plaintiff fails to include a copy of the complaint, grievance, or subsequent appeals. The filing of such a grievance would not meet exhaustion requirements as it came after the filing of this action on May 4, 2012 and was untimely pursuant to the state regulations. Plaintiff's claims are insufficient to defeat the computer print outs generated by the grievance program. As such, the Court finds that Magistrate Judge Hummel correctly determined that Plaintiff failed to exhaust his administrative remedies.

Moreover, Plaintiff has failed to meet any of the *Hemphill* factors. In his amended complaint, Plaintiff conceded that administrative remedies were available to him. The CORC computer print outs show that Plaintiff has filed and appealed a plethora of grievances in the past at Upstate. Further, Plaintiff does not provide any facts even suggesting that a similarly situated individual of ordinary firmness would have thought that the administrative remedies were unavailable. *See Hemphill*, 380 F.3d at 688. Defendants preserved the exhaustion defense in their answers to Plaintiff's complaint. *See McGee v. West,* No. 10-CV-0238 (MAD/GHL), 2012 WL 716273, *3 (N.D.N.Y. Jan. 4, 2012) (Dkt. No. 99-12). Plaintiff does not allege, and the record does not reflect that Defendants had acted to inhibit Plaintiff's attempt to exhaust his

6

administrative remedies.

Plaintiff has not alleged any special circumstances justifying his failure to comply with the administrative procedural requirements. In Plaintiff's amended complaint, he indicated that he did not file a grievance related to the allegations contained in the complaint because he has "a constitutional right under *Nussle v. Willete* [sic] which requires no grievance exhaustion upon assault or retaliation." Am. Compl. at 6. The Second Circuit held in *Nussle* that "exhaustion of administrative remedies is not required for claims of assault or excessive brought under § 1983." *Nussle v. Willette,* 224 F.3d 95, 106 (2d Cir. 2000). In 2002, the Supreme Court overturned *Nussle* and held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrongs." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Despite Plaintiff's mistaken understanding of the law, the CORC computer print outs show that Plaintiff had previously appealed grievances concerning alleged retaliatory and similar conduct prior to commencement of this action, thereby demonstrating that Plaintiff generally knew that he was required to exhaust his administrative remedies prior to filing suit. Dkt. No. 99-25. Plaintiff's reliance on *Nussle v. Willette*, does not provide justification for his failure to exhaust. *See Snyder v. Goord*, No. 9:05-cv-1284, 2007 WL 957530, *8 n.10 (N.D.N.Y. Mar. 29, 2007) (declining to excuse the plaintiff's failure to exhaust when the plaintiff relied on pre-*Porter v. Nussle*, 534 U.S. 516 (2002) case law). *Porter* was decided almost ten (10) years before the conduct at issue in this case occurred. Finally, although Plaintiff indicated in his deposition that he believed that his complaint warranted "immediate constitutional intervention," he did not express any special circumstances that would justify his failure to exhaust. *Hemphill*, 380 F.3d at 686 (citation omitted).

Based on the foregoing, the Court finds that Magistrate Judge Hummel correctly

7

determined that Defendants' motion for summary judgment should be granted on this ground and that Plaintiff's complaint should be dismissed for his failure to exhaust.

After carefully considering Magistrate Judge Hummel's May 14, 2014 Report-Recommendation and Order, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Hummel's May 14, 2014 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's amended complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: June 24, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge